IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02837-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2010

GREGORY C. LANGHAM
CLERK

KIMBERLY DYKES,

   Plaintiff,

v.

ROSE MEDICAL CENTER,

   Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kimberly Dykes, currently resides in Denver, Colorado. On November 19, 2010, Ms. Dykes, acting *pro se*, initiated this action by filing a Complaint. She has been granted leave to proceed *in forma pauperis*.

The Court has reviewed Ms. Dykes' Complaint, however, and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Ms. Dykes is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022

(10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Dykes fails to set forth a short and plain statement of proper jurisdiction and her claims showing that she is entitled to relief. On Page Two of the Complaint form, Ms. Dykes has left the "Jurisdiction" section blank. Ms. Dykes also states on Page Two that she gave birth to a baby girl "that they allowed the state to remove . . . under false pretenses." Ms. Dykes' claims are vague and fail to show that she is entitled to relief.

Therefore, Ms. Dykes will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Ms. Dykes is instructed that she must identify what federal statute provides jurisdiction for this action in this Court. Ms. Dykes further is instructed that to state a claim in this Court she must state with specificity what each named defendant did to her, when they did it, how their action harmed her, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Dykes file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Dykes, together with a copy of this Order, two copies of the Court-approved form used for filing a *pro se* Complaint. It is

FURTHER ORDERED that if Ms. Dykes fails within the time allowed to file an Amended Complaint, as directed, the action will be dismissed without further notice.

DATED December 14, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02837-BNB

Kimberly Dykes
2575 South Syracuse Way - L-106
Denver, CO 80231

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on December 14, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk